# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GIKLIN ARAUZ, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| | )    **CASE NO. 3:06-0901** |
| v. | )    **JUDGE TRAUGER/KNOWLES** |
| | ) |
| | ) |
| RICKY J. BELL, et al., | ) |
| | ) |
|     **Defendants.** | ) |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion to Dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(6), by Defendants Ricky Bell, Roland Colson, David Castile, and Samuel Love (hereinafter "Defendants").[1] Docket Entry No. 32. In support of their Motion, Defendants have filed an accompanying Memorandum of Law. Docket Entry No. 33.

In response, Plaintiff, who, at that time was *pro se,* filed a "Memorandum of Law in Opposition of Defendants' Motion to Dismiss All Claims Against Defendants Bell, Colson, Castile, and Love." Docket Entry No. 38. Plaintiff was subsequently appointed counsel, and Plaintiff's counsel filed a Response. Docket Entry No. 54.

---

[1] Fred Schildkamp, Sandra Hall, and Michael Crutcher are also named as Defendants in this action. Docket Entry No. 1. Defendants Schildkamp, Hall, and Crutcher, however, are not parties to the instant Motion to Dismiss.

1

Plaintiff, an inmate who at all times pertinent to the case at bar was housed at Riverbend Maximum Security Institution (hereinafter "Riverbend"), filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fifth, Eighth, and Fourteenth Amendment rights. Docket Entry No. 1. Plaintiff sues Warden Ricky Bell, Assistant Commissioner of Operations Roland Colson, Deputy Warden Michael Crutcher, Sergeant Fred Schildkamp, Unit Manager Sandra Hall, Inmate Grievance Committee Chairperson Dave Castile, and Inmate Disciplinary Board Chairperson Samuel Love.[2] *Id.* Plaintiff alleges, *inter alia*, that he asked Defendant Colson to "answer [a] complaint, but he did nothing about it," that Defendants Bell and Colson knew of, and approved, the alleged violations of Plaintiff's rights because they upheld the grievance responses of their staff, that Defendant Castile also denied his grievance, that Defendant Love signed a "disciplinary continuation form" that continued Plaintiff's disciplinary hearing past the seven (7) calendar days permitted by TDOC policy, that Defendant Love did not admit evidence in Plaintiff's disciplinary hearing, and that Defendant Love refused to dismiss Plaintiff's disciplinary charge.[3] *Id.*

---

[2] As has been noted, Defendants Schildkamp, Hall, and Crutcher are not parties to the instant Motion to Dismiss. Plaintiff does not specify the capacity in which he sues Defendants. *See* Docket Entry No. 1. Pursuant to Sixth Circuit precedent, the undersigned will presume that Plaintiff sues Defendants in their official capacities. *Wells v. Brown*, 891 F.2d 591, 592-594 (6th Cir. 1989) (plaintiffs, including pro se prisoners, are required to specify in their §1983 actions that they are suing state defendants in their individual capacities for damages; if a plaintiff does not specify the capacity in which a defendant is sued, the Court presumes that the defendant is being sued in his official capacity).

[3] Because they are not parties to the instant Motion, Plaintiff's allegations against Defendants Schildkamp, Hall, and Crutcher will not be addressed herein. Plaintiff also generally alleges that "his lack of speaking English and not having proper translation available at all stages of proceedings violated his due process rights," and that "due to the guilty finding of this class 'A' disciplinary action he [is] being held and will be held [for] more time in Administrative Segregation." Docket Entry No. 1, p. 10.

Plaintiff seeks compensatory and punitive damages, costs, the filing of criminal charges against Defendants, a finding by this Court that "the decisions made in incident 00641374 be found to be invalid and void," removal from administrative segregation, reflection in his record "that the charges in this case were dismissed," and the return of fines paid. Docket Entry No. 1.

Defendants filed the instant Motion and accompanying Memorandum on December 11, 2006. Docket Entry Nos. 32-33. Defendants Bell, Colson, and Castile, all employees of the Tennessee Department of Correction (hereinafter "TDOC"), argue that Plaintiff's Complaint fails to state a claim against them because liability cannot be imposed upon the basis of *respondeat superior*, and they were not personally involved in the allegedly unconstitutional actions. Docket Entry No. 33. Defendant Love, also a TDOC employee, argues:

> [Plaintiff] claims that Defendant Love violated his due process rights at his disciplinary hearing by failing to hold the hearing in a timely fashion and by excluding allegedly exculpatory evidence. ...
> As punishment for assaulting a corrections officer, Defendant Love sentenced the Plaintiff to thirty (30) days punitive segregation and fined him five dollars ($5.00). Complaint, Sec. V, ¶ 5. Clearly, the sentence imposed on the Plaintiff did [not] present the type of atypical punishment contemplated in *Sandin* or *Rimmer-Bey*. Because the sanctions imposed upon him were not atypical in relation to the ordinary incidents of prison life, [Plaintiff] has no protected interest in being free from the punishment and therefore was not entitled to procedural due process at his disciplinary hearing. *Sandin*, *supra*. Because [Plaintiff] did not have a protected liberty interest in being free from the imposed punishment, he did not have any procedural due process rights. *Id.* at 487. Additionally, [Plaintiff's] confinement in administrative segregation has no procedural due process implications. *Rimmer-Bey v. Brown*, 62 F.3d 789 (6th Cir. 1995); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997); *Reinholtz v. Campbell*, 64 F. Supp. 2d 721, 729 (W.D. Tenn. 1999). [Plaintiff] has therefore failed to state a claim for violation of due process upon which relief may be granted.

Docket Entry No. 33, pp. 9-10.

Plaintiff, acting *pro se* at the time, filed a "Memorandum of Law in Opposition of Defendants' Motion to Dismiss All Claims Against Defendants Bell, Colson, Castile, and Love" on December 28, 2006. Docket Entry No. 38. Plaintiff argues that he is "attempt[ing] to impose liability against defendants Bell, Colson, and Castile for their failure to remedy a constitutional violation they knew about and have [*sic*] the authority to stop it at any time, but they decided not to do it." *Id.* Plaintiff contends that Defendants Bell, Colson, and Castile "had a job to do, and they did not do it." *Id.* Plaintiff continues, "Although Warden Bell did not commit due process violation [*sic*], he became responsible for them when he failed to correct them in the course of his supervisory responsibilities." *Id.*

With regard to Defendant Love, Plaintiff maintains that, "Due Process forbids officials to convict prisoners of disciplinary offenses unless there is 'some evidence' to support the charge," and that Defendant Love violated his due process rights "by finding the Plaintiff guilty of the charge without evidence." Docket Entry No. 38.

Plaintiff was appointed counsel on March 14, 2007. Docket Entry No. 46. On May 11, 2007, Plaintiff's counsel filed a Response to the instant Motion. Docket Entry No. 54. In this Response, Plaintiff argues that Defendants Bell, Colson, and Castile are liable because they were "informed of the unconstitutional violations ... yet fail[ed] to take action to stop or remedy those violations." *Id.* Plaintiff acknowledges that the law in the Sixth Circuit is that "prison officials 'whose only roles involved the denial of administrative grievances or the failure to act, are not liable under §1983 on the theory that failure to act constituted an acquiescence in the unconstitutional conduct.'" *Id., quoting Shehee v. Luttrell*, 199 F.3d 295,300 (6th Cir. 1999). Plaintiff maintains, however, that Defendants Bell, Colson, and Castile took affirmative action in considering, and then

4

denying, Plaintiff's grievances. *Id.* Plaintiff asserts that the fact that he filed three separate grievances, each of which was denied, is sufficient to state a deliberate indifference claim. *Id.*

With regard to his Due Process claim, Plaintiff acknowledges that prison disciplinary proceedings do not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Docket Entry No. 54, *quoting Sandin v. Conner,* 515 U.S. 472, 484 (1995). Plaintiff, however, argues:

> As a result of his conviction, Plaintiff was placed on recreation restriction for 15 days and was sentenced to 30 days in punitive segregation. This punishment greatly affected his ability to get out of administrative segregation so that he could seek eligibility for parole and good time credits. Plaintiff submits that the cumulative effect of such punishment constituted "atypical and significant hardship" sufficient to give rise to a protectable liberty interest.

*Id.*

Plaintiff additionally maintains that "Defendant Love assessed, and Defendant Bell upheld, a $5.00 fine against Plaintiff," and that "the assessment of a fine constitutes a deprivation of a property interest separate and distinct from any liberty interest," such that Plaintiff has "adequately alleged a violation of his due process rights." *Id.*

For the reasons set forth below, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED.

## II. Facts[4]

---

[4]The following facts pertain only to the Defendants who are parties to this Motion, and, unless otherwise noted, are derived from Plaintiff's Complaint.

On January 12, 2006, Plaintiff wrote a letter to TDOC Commissioner George Little notifying him of the alleged violations that he felt were being committed against him and asking Commissioner Little to intervene. Defendant Colson characterized Plaintiff's letter as a grievance and returned it to Plaintiff without action because Plaintiff had failed to follow proper grievance procedures.

Plaintiff filed a grievance on January 12, 2006, which was denied by Defendants Castile, Colson, and Bell after receiving statements from Defendants Schildkamp and Hall.

On January 24, 2006, Defendant Love presided over Plaintiff's disciplinary hearing concerning an "assault on staff" charge that was issued against him on December 24, 2005. Plaintiff, representing himself at the hearing, plead not guilty, requested that the charge against him be dismissed because the Board had failed to follow uniform inmate disciplinary procedures, and requested that video evidence from four (4) security cameras, which he maintained had captured the incident, be introduced. Defendant Love did not admit the video evidence from the security cameras, and he did not dismiss the charge against Plaintiff. Defendant Love found Plaintiff guilty, fined him five dollars ($5.00), and sentenced him to thirty (30) days in punitive segregation.

On January 27, 2006, Plaintiff appealed the Board's decision to Defendant Bell. On February 2, 2006, Defendant Bell found no due process violation and denied Plaintiff's appeal.

On February 3, 2006, Plaintiff appealed to Commissioner Little, who concurred with Defendant Bell and denied Plaintiff's appeal.

On March 4, 2006, Plaintiff filed a grievance concerning the Board's decision, which Defendant Castile denied as untimely. Plaintiff appealed Defendant Castile's denial to Defendants Colson and Bell, both of whom denied his appeal.

### III. Analysis

**A. Standard of Review: Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The purpose of this rule is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In order to preclude dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 406 (6th Cir. 1998).

The Court is required to construe the complaint in the light most favorable to the plaintiff and to accept all well-pleaded allegations of fact as being true. *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Despite the Court's responsibility to liberally construe the complaint in the plaintiff's favor, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

**B. 42 U.S.C. § 1983**

Plaintiff alleges violations of his First, Fifth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket Entry No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

7

> Columbia, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-2255 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

As has been noted, Plaintiff in the case at bar does not specify the capacity in which he sues Defendants. When a plaintiff does not specify the capacity in which he sues a defendant, the Court is to presume that the defendant is being sued in his or her official capacity. *See Wells*, 891 F.2d at 592-594 (plaintiffs, including pro se prisoners, are required to specify in their §1983 actions that they are suing state defendants in their individual capacities for damages; if a plaintiff does not specify the capacity in which a defendant is sued, the Court presumes that the defendant is being sued in his official capacity).

As discussed above, Defendants are TDOC employees. In complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*. Because Defendants are TDOC employees, Plaintiff's claims against them in their official capacities are claims against the state of Tennessee.

42 U.S.C. § 1983 authorizes the imposition of liability against every "person" who, acting under color of state law, violates another person's federally protected rights.[5] *See* 42 U.S.C. § 1983. The law is well-settled that a state is not a "person" within the meaning of § 1983. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *Clark v. Kentucky*, 229 F.Supp.2d 718, 722 (E.D. Ky. 2002). Because the State of Tennessee is not a "person" subject to suit for damages under 42 U.S.C. § 1983, Plaintiff has failed to state a claim upon which relief can be granted; accordingly, he cannot sustain this claim.

---

[5] 42 U.S.C. § 1983 specifically provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

9

Even if the Court were to interpret Plaintiff's Complaint as suing Defendants Bell, Colson, and Castile in their individual capacities, Plaintiff would be unable to sustain those claims because § 1983 does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

In order for Defendants to be held liable in their individual capacities, Plaintiff must demonstrate that each Defendant personally condoned, encouraged, or participated in the conduct that allegedly violated his rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations omitted). *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (*citing Hays v. Jefferson County,* 668 F. 2d 869, 872-874 (6th Cir. 1982) (The supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in" the misconduct.) Conclusory allegations are not enough. *See Street,* 886 F.2d at 1479. *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). Plaintiff must establish a "causal connection between the misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

In the case at bar, the only nexus' Plaintiff alleges between Defendants Bell, Colson, and Castile and the incidents of which Plaintiff complains are that they denied his grievances and upheld the grievance responses of their staff. Docket Entry Nos. 1, 38. Plaintiff argues that the filing of his grievances provided these Defendants with sufficient knowledge of the misconduct so as to make their "failure" to respond actionable. *Id.* However, the filing (and denial) of a complaint or

10

grievance is insufficient to impose § 1983 liability upon supervisory personnel. *Henry v. Pogats*, 35 F.3d 565 (6th Cir. 1994). *See also Poe v. Haydon,* 853. F.2d 418 (6th Cir. 1988); *Bellamy*, 729 F.2d at 421. Because Plaintiff has not alleged any facts to support an argument that these Defendants "at least implicitly authorized, approved, or knowingly acquiesced" to anything pertaining to Plaintiff's claims, Defendants Bell, Colson, and Castile cannot be held personally liable.

With regard to any individual capacity claims against Defendant Love, Plaintiff alleges that Defendant Love failed to hold his disciplinary hearing in a timely fashion, improperly excluded potentially exculpatory evidence, improperly convicted him, and imposed an improper sentence. Accordingly, Plaintiff has averred that Defendant Love personally participated in the conduct that he alleges violated his rights.

As has been discussed, Plaintiff must also minimally allege actions comprising all of the essential, material elements necessary to sustain his claim of relief under some viable legal theory. While prisoners possess a liberty interest that is embraced by the Fourteenth Amendment, and prisoners are entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause" (*Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975 (1974), the due process requirements, as applicable to prison disciplinary hearings, are, in many respects, less demanding than those for criminal prosecution (*Edwards v. Balisok*, 520 U.S. 641, 647, 117 S.Ct. 1584,1588 (1997)). An inmate is entitled to due process in a prison disciplinary setting when the resulting disciplinary sanctions impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandlin v. Conner*, 515 U.S. 472, 482-484

11

Additionally, with regard to § 1983 liability, the Supreme Court has held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's
> issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S. Ct. 2364, 2372 (1994). Plaintiff has failed to minimally allege actions so demonstrating. Accordingly, Plaintiff cannot sustain an individual capacity claim against Defendant Love.

### IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

13